RAY CLARDY v. THE STATE.

No. 12984. Delivered January 29, 1930.
Rehearing denied March 5, 1930.
Reported in 24 S. W. (2d) 1100.

The opinion states the case.

N. C. *Walker* of San Saba, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, eighteen months in the penitentiary.

Witness McKinney testified that appellant brought him five and a half gallons of whiskey to the place where he was staying in the town of San Saba about three or four o'clock in the morning, for which he paid him $38.00. Appellant, who was not represented by counsel, denied this transaction, claiming that he was in an adjoining county at the time. The point is made that the evidence is insufficient in that no proof of the corpus delicti is made other than by the purchaser, he being uncorroborated. State's witness was not an accomplice and no rule of law exists which inhibits a conviction upon the uncorroborated testimony alone of a witness not an accomplice in cases of this character.

The only bill of exception found in the record presents the question of error in the action of the court in leaving the jury in the box in charge of an officer while he went to an adjoining room and prepared his charge, it appearing that appellant also remained there and that the public had access to and from said room. This bill clearly does not present the question of the absence of a judge during the trial of a case. No proceedings were had in the absence of the judge and no possibility of injury to appellant is presented in the bill. The reasoning of the cases cited by Mr. Branch, Sec. 266, Branch's P. C., and particularly Lewis v. State, 15 Tex. Crim. App. 647, makes it plain that the bill is without merit.

The argument is made in a brief on file that appellant was deprived of counsel. The question is not properly before us for review, but if all that is stated in the brief is correct, it fails to show that appellant was deprived of counsel. Vernon's Annotated C. C. P., Art. 753, Note 4; Sowells v. State, 99 Tex. Crim. Rep. 469.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again urges that he was erroneously deprived of counsel. We have examined the record on this point. The affirmative evidence of the State entirely negatives the proposition that by the act of any one connected with the State, or representing it in any capacity, was appellant deprived of counsel.

Appellant also renews his contention that the alleged purchaser of the liquor from him was an accomplice. Our statute expressly says of a witness who is the purchaser of intoxicating liquor from the person on trial, that he is not an accomplice.

The motion for rehearing will be overruled.

*Overruled.*